## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. CARSON, JR., | : | |
| Plaintiff, | : | No. 1:17-cv-01263-YK |
| | : | |
| v. | : | |
| | : | CIVIL ACTION |
| DETECTIVE JESSICA M. AURAND, | : | |
| in her Individual and Official Capacity, | : | |
| MIFFLIN COUNTY REGIONAL POLICE | : | |
| DEPARTMENT and MIFFLIN COUNTY, | : | |
| Defendants | : | JURY TRIAL DEMANDED |

## DEFENDANTS DETECTIVE JESSICA M. AURAND AND MIFFLIN COUNTY REGIONAL POLICE DEPARTMENT'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

Defendants, Detective Jessica M. Aurand and the Mifflin County Regional Police Department (hereinafter "Police Defendants"), by and through their counsel, Siana, Bellwoar & McAndrew, LLP, file this Brief in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof aver as follows:

## I.     INTRODUCTION

The claim of false arrest and false imprisonment alleged by Plaintiff are outside the statute of limitations, as evidenced by the face of the Complaint, requiring dismissal.  Detective Aurand is alternatively entitled to Qualified Immunity as to all claims and the *Monell* claim as asserted fails to meet the necessary pleading standards, requiring dismissal.

## II.     PROCEDURAL HISTORY

Plaintiff, James A. Carson, Jr., (hereinafter "Plaintiff"), filed the Complaint on July 18, 2017 asserting civil rights claims against Detective Jessica M. Aurand and her employer, the Mifflin County Regional Police Department ("MCRPD"). Detective Aurand is sued in both her individual and official capacities.  (Compl.). Plaintiff alleges violations of his rights under the Fourth, Eighth, and Fourteenth Amendments.  The Police Defendants timely file this Motion to Dismiss.

## III.     STATEMENT OF FACTS

Taking as true, the facts as set forth in Plaintiff's Complaint for purposes of this Motion only, without admitting the same, the following is averred:

In or about October 2013, Plaintiff, James Carson, resided in Mifflin County, Pennsylvania with his fiancé.  (Compl., at ¶¶ 11-12).  Plaintiff's niece and her father came to live with Plaintiff and his family.  (Compl., at ¶ 12).   On October 15, 2013, the niece's father left without returning, and Plaintiff's niece remained at his home until November 1, 2013.  (Compl., at ¶ 13).

On November 1, 2013, the Mifflin County Children and Youth Services made contact with Plaintiff's niece at the request of the Dauphin County Children and Youth Services to conduct a safety assessment of the child.  (Compl., at ¶ 14). The safety assessment worksheet concluded there was no basis to conclude that child abuse had or was likely to occur.  *Id.*

On February 21, 2014, Plaintiff's niece disclosed to the Dauphin County Children and Youth Services that she had been sexually assault by her father in October 2013. The niece did not mention Plaintiff. (Compl., at ¶ 15). On December 11, 2014, Plaintiff's niece made another disclosure to the Dauphin County Children and Youth Services related to sexual abuse, but did not mention Plaintiff. (Compl., at ¶ 16). In January 2015, Plaintiff's niece disclosed to Youth Services that Plaintiff sexually abused her. (Compl., at ¶ 17).

MCRPD Detective Jessica Aurand acted as the lead investigator of the sexual abuse allegations against Plaintiff. (Compl., at ¶ 22). As a result of her investigation, Detective Aurand filed criminal charges against Plaintiff for Rape of a Child, Involuntary Deviate Sexual Intercourse, Statutory Sexual Assault and Aggravated Indecent Assault on a Child. (Compl., at ¶¶ 10, 22). Plaintiff was arrested on March 10, 2015 and remained incarcerated for two hundred and forty (240) days awaiting trial. (Compl., at ¶¶ 18, 19).

On May 19, 2016, Plaintiff was tried and acquitted of all charges. (Compl., at ¶ 21). During Plaintiff's trial, Detective Aurand testified that she prepared the affidavit of probable cause and filed charges against Plaintiff based on an interview she witnessed between Plaintiff's niece and Youth Services. (Compl., at ¶ 22). Detective Aurand also testified that she did not conduct any further investigation, did not interview and other witnesses did not include any medical evaluation of the

child.  (Compl., at ¶ 23).

The Affidavit of Probable Cause, as attached to the Complaint, detail the minor victim's statement concerning the rape.[1]  (Pl's Ex. A).  Specifically, the minor **stated** that while at her Uncle James' house, "Uncle James humped her at night."  *Id.*  She **stated** that "she was alone when Uncle James came in the room and 'he humped me with his weiner.'"  *Id.*  The minor **stated** that "Uncle James pulled off her pants and underwear" and "Uncle James had his pants pulled down."  *Id.*  She **stated** that "Uncle James's weiner touched her butt cheek and it felt bad."  *Id.*  The minor **stated** that "it touched the outside and inside of her butt."  *Id.*  Detective Aurand signed the Affidavit and the Magisterial District Judge approved the criminal charges.  *Id.*

## IV.   <u>LEGAL STANDARD</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b) tests the legal sufficiency of the complaint.  *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987).  A motion to dismiss for failure to state a claim may be granted if, after accepting all well-pleaded facts in the complaint as true, and viewing them in the light most favorable to the non-moving party, plaintiff is not entitled to relief.

---

[1]  When ruling on a Motion to Dismiss, "courts generally consider only the allegations contained in the Complaint, exhibits attached to the Complaint, and matters of public record."  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir.1993).  Since Plaintiff attached the Affidavit of Probable Cause to the Complaint, it may be considered by the Court.

*Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000).

Under the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although a complaint need not contain detailed factual allegations, it must have more than unadorned, "the-defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Third Circuit requires a district court to engage in a two-step inquiry to determine the sufficiency of the facts alleged in a complaint.

As the Third Circuit noted in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009):

> First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief . . .. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949.

5

*Fowler*, 578 F.3d at 210-11.  Although a court must accept well-pleaded averments in a complaint as true, the Supreme Court makes it clear that the assumption of truth does not apply to legal conclusions couched as factual allegations, or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

In the present case, Plaintiff's claims for false arrest and false imprisonment, on the face of the Complaint, are barred by the applicable statute of limitations, and must be dismissed, with prejudice.  Alternatively, the Police Defendants assert that Plaintiff's Complaint consists of a series of legal conclusions which are cast as factual averments.  If the Court applies the *Twombly/Iqbal* standard to the factual averments in the Complaint, Defendants contend that they are entitled to judgment in their favor as a matter of law.   Additionally, Plaintiff's claim for punitive damages must be dismissed, with prejudice.

## V.   **LEGAL ARGUMENT**

### A.   **Plaintiff's Claims for False Arrest and Imprisonment are Barred by the Applicable Statute of Limitations – (Count I).**

Although a statute of limitations defense ordinarily cannot be raised in the context of a Rule 12(b)(6) motion to dismiss, the "Third Circuit Rule" permits a limitations defense to be raised in a 12(b)(6) motion if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations. . . .  If the bar is not apparent on the face of the complaint,

6

then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). On the face of Plaintiff's Complaint, the false arrest and imprisonment claims are untimely, and therefore must be dismissed, with prejudice.

The Third Circuit Court of Appeals has identified that "the appropriate limitations period for section 1983 claim[s]" is two years. 42 Pa. C.S.A. § 5524. *Bougher v. University of Pittsburgh,* 882 F.2d 74, 78 (3d Cir. 1989). A section 1983 civil rights claim will accrue when plaintiff "knew or had reason to know of the injury that constitutes the basis of this action." *Sandutch v. Muroski,* 684 F.2d 252, 254 (3d Cir. 1982). Specifically, as to a section 1983 false arrest or false imprisonment claim, the statute of limitation begins to run "at the time the claimant becomes detained pursuant to legal process." *See Wallace v. Kato,* 549 U.S. 384, 397 (2007); *Green v. United States*, 418 Fed.Appx. 63, 67 (3d Cir. 2011).

Plaintiff alleges that he was detained and incarcerated on March 10, 2015. As such, his section 1983 claims for false arrest and false imprisonment accrued as of this date. However, Plaintiff commenced this civil action on July 18, 2017, outside the prescribed two-year statute of limitation March 10, 2017. Accordingly, as Plaintiff filed the false arrest and imprisonment claims outside the statute of limitations, Count I must be dismissed, with prejudice.

7

**B.    Plaintiff's Eighth Amendment Claim Must be Dismissed – (Count II).**

The Eight Amendment "applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Whitley v. Albers*, 475 U.S. 312, 318 (1986).   In other words, the Eighth Amendment does not apply until "after sentence and conviction."   *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005) (*quoting Graham v.* Connor, 490 U.S. 386, 392 n.6 (1989)).

Here, Plaintiff does not aver (and the facts do not support a reasonable inference) that he was incarcerated after having been found guilty of and sentenced for any crime.   Moreover, the Complaint lacks sufficient facts to establish that Detective Aurand violated Plaintiff's Eighth Amendment rights, and therefore, Plaintiff's Eighth Amendment claim should be dismissed with prejudice. *Twombly/Iqbal*.

**C.    Plaintiff's Due Process Claim Must be Dismissed – (Count II).**

Plaintiff challenges his arrest and detention because Detective Aurand allegedly did not conduct a proper investigation.   (Compl., at ¶ 41).   To state a claim for violation of procedural due process rights, a plaintiff must allege: (1) that he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of "life, liberty, or property," and (2) the procedures available did not provide the plaintiff "due process of law."   *Hill v. Borough of*

*Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006).   A plaintiff who alleges that a municipal official violated his right to due process could be complaining of having been deprived of procedural due process rights or substantive due process rights or both.   *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 138 (3d Cir. 2000) (*citing Planned Parenthood of S.E. Pa v. Casey*, 505 U.S. 833, 846-47 (1992)).

Plaintiff fails to explain or demonstrate how the procedures available to him either failed to afford him due process of law or failed to meet the any due process requirements.   He also fails to identify what additional procedures, if any, due process required.   Instead, Plaintiff appears to attack the thoroughness and efficiency of the police investigation.   *Id.*

Furthermore, the only facts alleged are those on which Plaintiff bases his false arrest/imprisonment and malicious prosecution claims, which arise under the Fourth Amendment.   It is well established that a Fourteenth Amendment "due process analysis is inappropriate" when another "specific constitutional amendment" is applicable.   *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010).

Because Plaintiff alleges insufficient facts to demonstrate a due process violation, and his claims are more properly analyzed under the Fourth Amendment, Plaintiff's Due Process claim should be dismissed with prejudice.

**D.     Detective Aurand is Entitled to Qualified Immunity as to All Claims.**

Alternatively, to the extent that this Honorable Court declines to dismiss Plaintiff's section 1983 claims, Detective Aurand is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).   As set forth in *Pearson*, a court must decide two issues: (1) whether the facts that a plaintiff has shown make out a violation of a constitutional right and (2) whether the right at issue was "clearly established" at the time of the alleged misconduct. *Pearson*, 555 U.S. at 232.  The court may decide these issues in any order.  *Id.* at 236.  Qualified immunity is an objective question to be decided by the court as a matter of law.  *See Doe v. Groody*, 361 F.3d 232 (3d Cir. 2004).

The determination of "clearly established" is the touchstone of Qualified Immunity.  The most recent Supreme Court decision addressing that which is "clearly established" was rendered in January 2017 in *White v. Pauly*, 137 S.Ct. 548, 552 (U.S. 2017).  *Pauly* is at least the fifth such case issued by the Supreme Court in the past three years.  The breadth of cases in a short time, leaves little doubt that the concept of "clearly established" cannot be general.  It must be

particularized to the facts of the specific case.  *See also Wood v. Moss*, 134 S.Ct. 2056, 2068 (U.S. 2014); *Plumhoff v. Rickard*, 134 S.Ct. 2012, 2023 (U.S. 2014); *Stanley Taylor, et. al. v. Karen Barkes, et. al.*, 135 S.Ct. 2042, 2044 (U.S. 2015); and *City and County of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1776-1777 (U.S. 2015).

The Third Circuit has already heeded the Supreme Court's recent precedent in granting qualified immunity to an officer who used lethal force (fired 6 shots) at a fleeing vehicle through a residential neighborhood.  *Thompson v. Howard et al.*, 629 Fed.Appx. 177 (3d Cir. 2017).  In doing so, the Court recognized the recent decisions "warning courts against defining clearly established law at a high level of generality."  *Thompson*, at 182, fn 9.

Based upon the specifically pled allegations, no constitutional violation has been established nor has any clearly established right been violated.  Further, the allegations averred do not support that Detective Aurand's actions were objectively unreasonable in issuing sexual assault charges where the minor victim described such assault before Detective Aurand.  (*See* Affidavit of Probable Cause).  The Third Circuit has held that the identification of an individual as the perpetrator of a criminal offense, by either a victim or a witness, is sufficient probable cause to criminally charge the individual.  *Sharrar v. Felsing,* 128 F.3d 810, 818-19 (3d Cir. 1997), *abrogated on other grounds by Curley v. Klem*, 499 F.3d 199 (3d Cir.

2007). The Third Circuit *rejected* the argument that a police officer is required to specifically assess a *victim's* reliability. *Id.* at 818 (emphasis added). Importantly, the validity of the arrest is not dependent on whether the suspect actually committed any crime, and 'the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant.'" *Johnson v. Campbell,* 332 F.3d 199, 211 (3d Cir. 2003).

Even if Detective Aurand was mistaken in her beliefs, she is still entitled to qualified immunity as her actions do not rise to the level of plainly incompetent, when viewing the circumstances presented to her as alleged by Plaintiff. *See Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (Qualified immunity "protects 'all but the plainly incompetent or those who knowingly violate the law.'").

### E.    Plaintiff's *Monell* Claim Must be Dismissed – (Count III).

Plaintiff's bald assertions that MCRPD is subject to municipal liability fail to comply with the necessary pleading standards. Plaintiff only alleges that

> Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violation of Plaintiff's constitutional and other rights.

(Compl., at ¶ 46). This single paragraph bears no weight.

"[A] municipality cannot be held liable under § 1983 on a respondeat

superior theory." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

Plaintiff fails to allege any facts supporting a municipal policy or custom. Instead, Plaintiff only alleges a single sentence of conclusory language to support a *Monell* claim. (Compl, at ¶ 46). Where plaintiff only sets forth a series of conclusory allegations that "simply paraphrase[ed]" the elements of *Monell* liability, such allegations "fail to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability." *Wood v. Williams*, 568 Fed. Appx. 100, 104 (3d Cir. 2014).

Additionally, a municipality cannot be held liable unless one of its employees is "primarily liable under Section 1983 itself." *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989); *see also City of Los Angeles v. Helle*r, 475 U.S. 796 (1986). Here, the dismissal of claims against Detective Aurand requires the dismissal of the *Monell* claim, even if it was properly asserted, which is denied.

As Plaintiff has not sufficiently stated a *Monell* claim, Count III should be dismissed, with prejudice.

**E.      Plaintiff Is Not Entitled To Punitive Damages – (Counts I and II).**

Plaintiff seeks to recover punitive damages from the Police Defendants in both Counts I and II.   (Compl., at ¶¶ 37, 44).   Punitive damages may not be awarded against governmental entities or against an officer in her official capacity. *Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988).   In the instant case, Plaintiff is not entitled to punitive damages for action by Detective Aurand taken in her official capacity. When the bald legal assertions fail to rise to the level necessary for the imposition of punitive damages, any punitive damages asserted against the officer in her individual capacity should also be dismissed.   Accordingly, Plaintiff's claim for punitive damages against either MCRPD or Detective Aurand in her official and individual capacities should be dismissed, with prejudice.

## VI.   **CONCLUSION**

For the reasons set forth above, Detective Jessica M. Aurand and the Mifflin County Regional Police Department respectfully ask this Honorable Court to enter an Order granting their Motion to Dismiss, and dismiss Plaintiff's Complaint, with prejudice.   Alternatively, Detective Aurand is entitled to Qualified Immunity.

Respectfully Submitted,

**SIANA, BELLWOAR & McANDREW, LLP**

By:   ***/s/ Sheryl L. Brown***
        Sheryl L. Brown, Esquire, I.D. #59313

Christine D. Steere, Esquire, I.D. #84066
941 Pottstown Pike, Suite 200
Chester Springs, PA  19425
(610) 321-5500
slbrown@sianalaw.com
cdsteere@sianalaw.com

Dated:  September 5, 2017        *Attorneys for Detective Jessica M. Aurand and the*
*Mifflin County Regional Police Department*