# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES A. CARSON, JR., | : | |
|     Plaintiff | : | No. 1:17-cv-01263 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JESSICA M. AURAND, et al., | : | |
|     Defendants | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Plaintiff James A. Carson, Jr. ("Plaintiff") initiated the above-captioned action by filing a complaint in this Court on July 18, 2017, pursuant to 42 U.S.C. § 1983, et seq., alleging, inter alia, that his civil rights were violated when he "was detained and incarcerated for allegations of sexual assault against his niece." (Doc. No. 1 ¶ 9.) According to the complaint, Plaintiff was criminally tried as a result of such allegations and ultimately "acquitted of all charges." (Id. ¶ 21.) Plaintiff alleges that due to "Defendants' negligence in conducting their investigation [of Plaintiff] . . . Plaintiff suffered grave harm." (Id. ¶ 24.)

After conducting discovery pursuant to the Court's December 11, 2017 Case Management Order (Doc. No. 23), Defendant Jessica M. Aurand ("Defendant") filed an unopposed motion for leave to file documents under seal on June 13, 2018 (Doc. No. 28). Defendant states that on January 2, 2018, the parties "executed a [c]onfidentiality [a]greement, whereby [they] sought to limit the production of certain sensitive documents and material marked 'CONFIDENTIAL' by any party producing the same through the course of discovery."[1] (Id. ¶ 2.) Further, Defendant asserts that during discovery, "public and private agencies/entities produced certain materials" that have been deemed confidential under the agreement. (Id. ¶ 5.)

---

[1] A copy of the agreement has been filed as an exhibit the instant motion. (Doc. No. 28, Ex. A.)

According to Defendant, who subsequently filed a motion for summary judgment on June 18, 2018 (Doc. No. 30), "[i]n order to adequately seek summary judgment, [Defendant] must attach as exhibits certain [c]onfidential [i]nformation" produced by during discovery, and said exhibits "contain privileged and sensitive information," including sensitive information pertaining to a minor, the Plaintiff, and certain third parties (Doc. No. 28 ¶ 9).[2]  In addition, Defendant states that redaction, alone, would not provide sufficient protection of this confidential information. (Id. ¶ 10.)

     Although Plaintiff does not oppose Defendant's motion (id. ¶ 17), the Court must determine whether the requested relief is warranted, in light of the "the common law right to public access" with regard to court records.  See In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (citing Littlejohn v. Bic Corp., 851 F.2d 673, 678 (3d Cir. 2001)).  However, "courts have also recognized the accompanying principle that 'the right is not absolute.'"  See id. (citing Littlejohn, 852 F.3d at 678).  Accordingly, "the presumption of access 'must be balanced against the factors militating against access.'"  See, e.g., Danielson v. Tropical Shipping & Constr. Co., Ltd., No. 15-cv-0045, 2016 WL 715744, at *2 (D.V.I. Feb. 22, 2016) (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993)).  To that end, "[t]he party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.'"  Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)).

     In light of the standard described supra, the Court concludes that, balancing the competing interests involved, sealing of the relevant exhibits to Defendant's motion for summary

---

[2] The relevant exhibits are currently filed under seal.

judgment is warranted.  As mentioned previously, the documents Defendant wishes to file under seal implicate, inter alia, the privacy interests of a minor in the context of an investigation of sexual abuse allegations (Doc. Nos. 1, 28), which weigh in favor of granting Defendant's request.  See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994) (stating that "[o]ne interest which should be recognized in the balancing process is an interest in privacy" and explaining that "[i]t is appropriate for courts to order confidentiality to prevent the infliction of unnecessary or serious pain on parties [whom] the [C]ourt reasonably finds are entitled to such protection").  Although the general public has a countervailing interest in accessing court records, the Court concludes that, in light of the nature of the above-captioned action and its impact on a minor's privacy interests, it is an appropriate exercise of the Court's discretion to permit the relevant exhibits to be filed under seal.  See, e.g., Zurich Am. Ins. Co. v. Rite Aid Corp., 345 F. Supp. 2d 497, 500 (E.D. Pa. 2004) (quoting In re Cendant Corp., 260 F.3d at 192) (noting "[i]t is well-settled that the Court 'has supervisory power over its own records and files'" and acknowledging district court's "discretion to decide issues regarding the sealing of the record").

    **ACCORDINGLY**, on this 24th day of July 2018, in consideration of the foregoing, **IT IS ORDERED THAT** Defendant's motion for leave to file documents under seal (Doc. No. 28), is **GRANTED**, and Defendant may file as exhibits to her motion for summary judgment (Doc. No. 30), any confidential information – as so characterized in accordance with the parties' confidentiality agreement – under seal.  **IT IS FURTHER ORDERED THAT** the Clerk is directed to accept and maintain such filings under seal.

                                                        s/ Yvette Kane
                                                        Yvette Kane, District Judge
                                                        United States District Court
                                                        Middle District of Pennsylvania